UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA TERYAEVA-REED,<br><br>   Plaintiff,<br><br>   v.<br><br>COLETTE S. PETERS, et al.,<br><br>   Defendants. | Case No. 24-cv-03910-JSW<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 3) |

## INTRODUCTION

Plaintiff, a federal prisoner in Miami, Florida proceeding pro se, filed this civil rights case against officials of the Federal Bureau of Prisons ("BOP"). She is granted leave to proceed in forma pauperis ("IFP") in a separate order. For the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## ANALYSIS

**A.    STANDARD OF REVIEW**

When a plaintiff is proceeding IFP, as in this case, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.     LEGAL CLAIMS**

Plaintiff alleges that Defendants' transferring her from the Federal Correctional Institute ("FCI") in Dublin, California, to FCI Miami "without medical clearance and screening for community placement" caused a number of adverse consequences, including the loss of her prison job and property, delays in her pursuit of a sentence reduction and a motion for compassionate release, "disrupted [her] established social ties," and "adversely affected" her application for placement in a halfway house. (ECF No. 1 at 5.) She also alleges FCI Miami is "comparable to supermax" and has "no library, no rec, no religious services, no jobs and no meaningful rehabil./programming for women." (*Id.*) She seeks money damages and either release to a halfway house or home confinement or transfer to FCI Tallahasee. (*Id.*)

The Supreme Court has held on three occasions that, even absent statutory authority, a private right of action for damages may be implied from the Constitution itself for constitutional violations by federal employees or their agents. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971) (4th Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (5th Amendment Due Process Clause gender discrimination); *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (8th Amendment inadequate medical treatment).

Plaintiff's allegations that Defendants caused her harm by transferring her to another federal prison do not, even when liberally construed, amount to a violation of her constitutional rights. Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). A prisoner's liberty interests are sufficiently

2

extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *See id.* (interstate prison transfer does not implicate Due Process Clause)), and *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (intrastate prison transfer does not implicate Due Process Clause); *see also Stewart v. McManus*, 924 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal prison). This is true even if, as alleged here, the transfer is to a considerably less favorable institution. *See Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights). Under this authority, Defendants' transfer of Plaintiff from FCI Dublin to FCI Miami, where the conditions are allegedly less favorable to Plaintiff, does not implicate his constitutional rights.

Additionally, "*Bivens*, *Davis*, and *Carlson* – represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). The Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *id.* at 1857 (citation omitted), and will not be available if there are "'special factors' counseling hesitation in the absence of affirmative action by Congress," *id.* at 1848 (citation omitted). The Court has emphasized that "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020); *see also Chambers v. C. Herrera*, 78 F.4th 1100, 1103 (9th Cir. 2023) ("Under *Egbert v. Boule*, [596 U.S. 482, 501 (2022)], most claims seeking to expand *Bivens* are 'dead on arrival'"). "A plaintiff cannot justify a *Bivens* extension based on 'parallel circumstances' with *Bivens, Passman, or Carlson* unless he also satisfies the analytic framework' prescribed by" *Ziglar* and *Hernandez*. *Egbert v. Boule*, 596 U.S. 482, 501 (2022) (quoting *Ziglar*, 582 U.S. at 138). Plaintiff has cited no authority, nor is the Court aware of any, extending the *Bivens* remedy to prison-transfer claims, or that such claims may satisfy the analytic framework prescribed by *Ziglar* and *Hernandez*.

Plaintiff also claims that the Defendants' order to close FCI Dublin and transfer its inmates to other federal prisons was in retaliation for "inmates exercising their First Amendment right to

3

free speech and to access the courts." (ECF No. 1 at 4.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). There is no allegation as to the protected First Amendment speech or other conduct Plaintiff engaged in that led to the decision to close FCI Dublin. She does not allege she filed or was a party in lawsuits that led to the closure, or that the closure was taken in response to her speech or the filing of those lawsuits as opposed to rulings made by the court in those lawsuits. As a result, she has not alleged the elements of a cognizable retaliation claim. Furthermore, even if she could make such allegations, there is no authority of which the Court is aware that the *Bivens* remedy may be extended to such a retaliation claim.

For the foregoing reasons, Plaintiff has not alleged a cognizable claim for relief based upon her transfer to another prison. No amendment will be allowed because her allegations make clear that she cannot state a cognizable *Bivens* claim for such a transfer or for retaliation.

## CONCLUSION

For the reasons set out above, Plaintiff's claims are DISMISSED without leave to amend. In light of this ruling, and because the interests of justice do not require otherwise, the motion for appointment of counsel is DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 24, 2024

JEFFREY S. WHITE
United States District Judge

4