UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA TERYAEVA-REED,<br><br>Plaintiff,<br><br>v.<br><br>COLETTE S. PETERS, et al.,<br><br>Defendants. | Case No. 24-cv-03910-JSW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 12 |

Plaintiff, a federal prisoner in Miami, Florida proceeding pro se, filed this civil rights case against officials of the Federal Bureau of Prisons ("BOP"). The complaint was dismissed for failure to state a claim upon which relief may be granted. Plaintiff has filed a motion for reconsideration.

Where, as here, the Court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Rule 59(e) is used for a substantive change of mind by the court while Rule 60(a) should be used when the court has made an error in execution that requires the judgment to be corrected to implement the intended purpose. *Tattersalls, Ltd., v. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014).

The Court construes Plaintiff's motion as a motion under Rule 59(e) because Plaintiff appears to argue the Court should change its mind in dismissing the case and/or grant leave to amend. *Cf. id.* Furthermore, the denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b), *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (en banc), and for the reasons explained below, the Court finds reconsideration is

1   not warranted under Rule 59(e).

2         A motion for reconsideration under Rule 59(e) "should not be granted, absent highly
3   unusual circumstances, unless the district court is presented with newly discovered evidence,
4   committed clear error, or if there is an intervening change in the law." *Id.* at 1255.  A district court
5   does not commit clear error warranting reconsideration when the question before it is a debatable
6   one.  *Id.*

7         Plaintiff cites no new evidence or intervening change in the law.  Nor has she shown clear
8   error.  She argues her claims may proceed under *Bivens v. Six Unknown Federal Narcotics Agents*,
9   403 U.S. 388, 392-97 (1971), because of there is "statutory authority" for the claims, namely "a
10  court order" from a recent class action brought by then-inmates of the Federal Correctional
11  Institute in Dublin, California ("FCI Dublin").  A court order is not a statute, and Plaintiff's
12  arguments that Defendants have violated a court order in the class action must be made in that
13  case (through class counsel if necessary), not in a new case.[1]

14        Plaintiff also argues she was subject to sexual discrimination at FCI Miami (the prison to
15  which she was transferred and where she is currently housed), in violation of her rights to due
16  process and equal protection, insofar as male inmates enjoy better conditions than female inmates.
17  It was not clear to the Court in its initial review of the complaint that Plaintiff was bringing claim
18  for gender discrimination at FCI Miami.  In any event, the proper venue for her to bring claims
19  arising from the conditions of her confinement at FCI Miami is the Southern District of Florida,
20  *see* 28 U.S.C. § 89(c), not this district, because that is where the events giving rise to the claims
21  took place and the responsible officials are located.  Accordingly, the dismissal order is
22  AMENDED IN PART to indicate the claims of sexual discrimination at FCI Miami are dismissed
23  without prejudice to bringing such claims in the United States District Court for the Southern
24  District of Florida.

25        Plaintiff also argues her retaliation claim is cognizable because she is a member of the
26  class in the class action against BOP officials arising from the conditions of confinement at FCI

27

28  [1] The same is true for any other claims that Defendants violated any court orders in that case.

Dublin. While prison officials may not retaliate against Plaintiff for exercising her First Amendment right to access the courts, the Court is aware of no authority that simply being a class member of an ongoing class action, as opposed to filing or litigating a case, is protected by the First Amendment. But even if assuming it is, Plaintiff alleged no facts that, if true, plausibly indicate Defendants closed FCI Dublin and transferred her to another prison because she participated in the lawsuit and that doing so did not reasonably advance the legitimate correctional goal of redressing the unconstitutional conditions at the prison, conditions of which the class members, including Plaintiff, complained. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of First Amendment retaliation claim include the adverse action was caused by the protected conduct and that the action did not "reasonably advance a legitimate correctional goal."). Consequently, Plaintiff has not shown the Court committed plain error warranting reconsideration in concluding the complaint, when liberally construed, did not state a cognizable retaliation claim or that such a claim could be cured by amendment.

Accordingly, Plaintiff's motion for reconsideration is DENIED IN PART and GRANTED IN PART insofar as her claims of sexual discrimination at FCI Dublin are dismissed without prejudice as described above.

**IT IS SO ORDERED.**

Dated: August 14, 2024

JEFFREY S. WHITE
United States District Judge